UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KEALOHOA WONG, | No. 2:16-cv-2589 CKD P |
| Petitioner, | |
| v. | ORDER |
| J. SALAZAR, | |
| Respondent. | |

Petitioner, a federal prisoner, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has paid the filing fee and has consented to Magistrate Judge jurisdiction to conduct all proceedings in this action. (ECF No. 3.)

Under § 2241, habeas corpus relief is available to a federal prisoner if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian. See id. at 865. Here, venue is proper in this district

because petitioner is incarcerated at Federal Correctional Institution–Herlong.

Petitioner alleges that on September 22, 2016, a prison official refused to process his request for a money order to pay the court fee for a petition for writ of habeas corpus. The official would not process his money order request without seeing the legal document. Five days later, the matter was corrected. (ECF No. 1 at 3.)

Petitioner asserts that the official violated his right of access to the courts. However, he fails to plead the elements of an access-to-courts claim. See Lewis v. Casey, 518 U.S. 343, 349-50, 353 (1996) (prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury," i.e., "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.").

Moreover, petitioner has not exhausted his available judicial remedies. See Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) (requiring that habeas petitioners exhaust "available judicial remedies before seeking relief under § 2241."). Rather, he indicates that he did not pursue administrative remedies beyond the first level. (ECF No. 1 at 3-4.)

For these reasons, and because it does not appear the petition can be cured by amendment, the petition will be dismissed without prejudice. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.").

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed without prejudice; and

2. The Clerk of Court shall close this case.

Dated: January 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / wong2589.100.2241